UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUANITA STEELE,

        Plaintiff,

    v.

CECELIA HERNANDEZ, MARSHA TOLEN and MARVIN MELVIN HILPERT (aka "Moon") and DOES 1-50,

        Defendants.

2:06-CV-02088-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Through this action, Plaintiff Juanita Steele ("Plaintiff") seeks damages against Cecelia Hernandez, Marsha Tolen and Marvin Melvin Hilpert (aka "Moon") (collectively "Defendants") on grounds that these Defendants have trespassed on and interfered with Plaintiff's right to possess certain Indian Allotment lands in violation of 25 C.F.R. part. 162.106(a) and 163.29 as well as state and federal common laws.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

On September 19, 2006, Plaintiff filed a Complaint in this matter alleging the foregoing causes of action. The Complaint has been answered and the Pretrial Scheduling Order has been issued.

Presently before the Court is Defendants' counsel's Motion to Withdraw pursuant to the Eastern District's Local Rule 83-182(d) and the California Professional Rules of Conduct Rule 3-700. For the reasons set forth below, the Motion to Withdraw is granted.

## BACKGROUND

Attorney Anthony Cohen and his employer, Clement, Fitzpatrick & Kenworthy, Inc. have represented Defendants since the inception of this litigation. Attorney Cohen's declaration and moving papers indicate that his clients have failed to respond to both phone calls and written communication since February 22, 2007, thereby necessitating this Motion. According to Mr. Cohen, this unresponsiveness has continued despite advising Defendants of his intent to withdraw as counsel. In addition, Mr. Cohen has indicated that Defendants have failed to tender payment in accord with the retainer agreement signed at the outset of the representation.

This motion is governed by the requirements of Local Rule 83-182(d), which provides that an attorney may not withdraw, leaving the client *in propria persona*, absent noticed Motion and an affidavit from counsel showing the efforts made to provide notification of the attorney's intent to withdraw.

///

1 Attorney Cohen has clearly followed these procedural
2 requirements.  In addition, on a substantive basis Rule 83-182(d)
3 specifies that withdrawal by an attorney is governed by the Rules
4 of Professional Conduct of the State Bar of California.  Rule 3-
5 700(C)(1)(d) provides that counsel may withdraw where the client
6 "renders it unreasonably difficult for the member to carry out
7 the employment effectively."  Here, given Defendants' failure to
8 communicate with Defense counsel, failure to tender timely
9 payment for services rendered and failure to oppose the present
10 Motion, the Court finds Defendants' conduct meets the foregoing
11 standard.

**CONCLUSION**

As explained above, Clement, Fitzpatrick & Kenworthy, Inc.s' Motion to Withdraw as Defendants' Attorneys of Record is GRANTED.

**Said firm is to provide defendants notice of the Court's order granting the motion to withdraw within ten (10) days from the date of this order. A declaration stating the date and method of such notification is to be filed with the court not later than thirty (30) days from the date of this order.**

IT IS SO ORDERED.

Dated: May 23, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE