UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUANITA STEELE,

        Plaintiff,

  v.

CECILIA HERNANDEZ, et al.,

        Defendants.

No. 2:06-CV-02088-MCE-EFB

MEMORANDUM AND ORDER

----oo0oo----

Presently before the Court is Defendant Marvin Hilpert's Motion for Relief from Judgment and Request for Stay of Execution of Judgment.[1]  For the following reasons, Defendant's Motion is DENIED.

///
///
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

Plaintiff Juanita Steele brought this action against Cecilia Hernandez ("Hernandez"), Marsha Tolen ("Tolen"), and Marvin Hilpert ("Hilpert"). The action stemmed from a dispute involving individually allotted trust lands, known as Allotment 5029, located in Plumas County, California ("The Allotment"). Through this action, Plaintiff sought to end an ongoing trespass to the Allotment, regain possession of the Allotment, and to collect damages for the unpaid rental value of the Allotment as well as damages incurred due to Defendants' use and possession of the land.

At the April 21, 2008 settlement conference, Plaintiff was able to reach a settlement agreement with Defendants Hernandez and Tolen, but not with Defendant Hilpert. Accordingly, Plaintiff and Defendant Hilpert were ordered to personally appear for a Pretrial Conference on May 9, 2008. Defendant Hilpert failed to appear. At the Pretrial Conference, Plaintiff waived all claims as to damages, attorney's fees, and costs. Accordingly, the only issue remaining before the Court was the issue of possession. Plaintiff moved for summary adjudication of that issue. The Court found there were no triable issues of fact as to possession as Defendant Hilpert is not authorized to occupy or reside on the Allotment. Accordingly, this Court entered summary adjudication in favor of Plaintiff and ordered Defendant Hilpert to vacate the property immediately.

///

///

1   Defendant now moves for relief from that Order under Federal
2 Rule of Civil Procedure 60(b) and moves for a stay of execution
3 of that Order under Rule 62(b).
4
5                             **STANDARD**
6
7   **1.   Rule 60(b)**
8    Rule 60(b) enumerates the grounds upon which a motion for
9 relief from an order or judgment may be made. It specifies that:
10 >  On motion and upon such terms as are just, the court
>    may relieve a party or a party's legal representative
11 >  from a final judgment, order, or proceeding for the
>    following reasons: (1) mistake, inadvertence, surprise
12 >  or excusable neglect; (2) newly discovered evidence
>    which by due diligence could not have been discovered
13 >  before the court's decision; (3) fraud by the adverse
>    party; (4) the judgment is void; (5) the judgment has
14 >  been satisfied; or (6) any other reason justifying
>    relief.
15
16 Fed. R. Civ. Proc. 60(b).  Mere dissatisfaction with the court's
17 order, or belief that the court is wrong in its decision, are not
18 grounds for relief under Rule 60(b).
19
20   **2.   Rule 62(b)**
21    Rule 62(b) provides that, on appropriate terms, a court may
22 stay the execution of a judgment pending, *inter alia*, disposition
23 of a motion for relief from judgment under Rule 60.
24 ///
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

Defendant Hilpert raises several arguments in support of his motion.  First, Hilpert argues that this Court is without jurisdiction to hear Plaintiff's claim.  Second, Hilpert argues that allowing this Order to stand will "create a dangerous precedent" and cause "chaos ... in Indian country."  Finally, Hilpert argues that the other interest holders in the Allotment are not parties to these proceedings.

As to Hilpert's argument regarding jurisdiction, in the April 25, 2008 Pretrial Statement submitted by Defendant Hilpert, Hilpert acknowledges that the Court has subject-matter jurisdiction over this action.  Further, had Mr. Hilpert attended the pretrial conference, he would have been a party to the Court's discussion on this matter.  The Court, along with counsel for Plaintiff and Mr. Hilpert's counsel at the time, discussed the futility of dismissing the case for lack of jurisdiction only to have the Plaintiff refile and join the United States as a party - particularly at such a late stage in the proceedings.  Accordingly, Defendant Hilpert cannot meet his burden under Rule 60(b) on this issue.

As to Hilpert's remaining arguments, the Court fails to see how either of these arguments satisfy Hilpert's burden under Rule 60(b).  That Mr. Hilpert disagrees with the result is not a justification for revisiting this Court's Order.  Further, that the remaining interest holders were not parties to this litigation is irrelevant.

///

4

Because Defendant Hilpert has not met his burden for relief from judgment under Rule 60(b), this Court finds there are no appropriate grounds to stay the enforcement of said Order under Rule 62(b). Accordingly, Mr. Hilpert's motion is denied. Mr. Hilpert is to comply with the May 19, 2008 Order. **Mr. Hilpert is specifically advised that failure to fully comply with this Court's Order will result in the imposition of sanctions.**

**CONCLUSION**

Based on the foregoing, Defendant's Motion for Relief from Judgment is DENIED.

IT IS SO ORDERED.

Dated: September 9, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5